UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Dzena Rodhi Onka

v. Case No. 1:26-cv-669-JL-TSM

Christopher Brackett, et al.

**ORDER**

Before the court is the habeas petition brought by Dzena Rodhi Onka challenging his ongoing ICE detention.[1] In its response to the petition, the government notes that it "respectfully maintains that as an applicant for admission, [Onka] is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and for the reasons submitted in opposition to the petition in [*Destino v. FCI Berlin*, 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.)], that detention does not violate his due process rights," but concedes that "under *Destino*, [Onka] is entitled to a bond hearing before an [Immigration Judge]."[2]

On August 13, 2026, the First Circuit Court of Appeals held that "noncitizens… who are present in the United States without admission are not subject to § 1225(b)(2)(A)'s mandatory detention provision, but rather, are governed by § 1226." *Guerrero Orellana v. Moniz*, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026). Thus, the court, applying the reasoning in both *Guerrero Orellana* and *Destino*, orders the respondents to provide Onka with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable. The bond hearing shall be conducted in accordance with the procedural protections set forth in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021), with DHS bearing the burden of providing, by clear and convincing evidence, that Onka poses a danger to the community, or, by a preponderance of evidence, that he poses a flight risk. The petition is DENIED in all other respects. The parties shall file a status report on or before **September 9, 2026**.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: August 28, 2026
Cc: Counsel of record

[1] Doc. no. 1.

[2] Response (doc. no. 7) at 1-2). The court makes no finding as to the preservation of any grounds or arguments mentioned, but not actually argued or developed, on the record of this case.